# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | CRIMINAL NO. 11-577 |
| VINCENT JOSEPH DEMSKY | : | |

## ORDER

AND NOW, this _____ day of _____, 2012, pursuant to Local Rule of Criminal Procedure 41.1(c), the Court finds the following as to the Government's recording and accompanying transcripts

1. The recording device used was capable of accurately recording the conversation;

2. The operator of the recording device was competent;

3. The recording is authentic and correct;

4. There have been no changes in, additions to, or deletions from the recording;

5. The recording has been properly preserved;

6. The speakers on the recording are properly identified;

7. The consenting party to the recording freely and voluntarily consented to the recording of the conversation; and

8. The transcript of the recording accurately represents the conversation on the recording and accurately identifies the speakers and parties to the recorded conversation.

BY THE COURT:

_____
HONORABLE TIMOTHY R. RICE
*United States Magistrate Judge*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 11-577 |
| VINCENT JOSEPH DEMSKY | : | |

### GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ADMIT AUDIO/VIDEO RECORDING

Pursuant to Title 18, United States Code, Section 2511(2)(c), it is lawful for a person acting under color of law to intercept a wire or oral communication when one of the parties to the communication has given prior consent. This obviates any need for a warrant or court approval prior to the interception of this type of communication. United States v. Armocida, 515 F.2d 49, 52 (3d Cir.), cert. denied, 423 U.S. 858 (1975); United States v. Santillo, 507 F.2d 629 (3d Cir.), cert. denied, 421 U.S. 968 (1975).

In presenting this motion, we observe the decision in United States v. Starks, 515 F.2d 112 (3d Cir. 1975), which held "that the burden is on the government 'to produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of such recordings,'" id. at 121 (quoting United States v. Knohl, 379 F.2d 427, 440 (2d Cir. 1967), cert. denied, 389 U.S. 973 (1967)), and that the following factors are the generally relevant considerations:

> (1) That the recording device was capable of accurately recording accurately the conversations now offered in evidence.
>
> (2) That the operator of the device was competent to operate the device.
>
> (3) That the recordings are authentic and correct.

>   (4)  That changes, additions or deletions have not been made in the recordings.
>
>   (5)  That the recordings have been preserved in an appropriate manner.
>
>   (6)  That the speakers are identified.
>
>   (7)  That the conversations elicited were made voluntarily and in good faith, without any kind of inducement.

Starks, 515 F.2d at 121 n.11.

However, the ruling in Starks, both as to burden and content of proof, was substantially undermined by the later adoption of the Federal Rules of Evidence. In particular, Rule 901 now sets forth the appropriate test for a showing of authenticity of evidence, in order to allow the jury to consider that evidence. Rule 901(a) states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

The Third Circuit has held that "[t]he burden of proof for authentication is slight." McQueeney v. Wilmington Trust Co., 779 F.2d 916, 928 (3d Cir. 1985). The rule does not "require anything more than a prima facie showing that the evidence is what its proponent claims it to be." In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238, 285 (3d Cir. 1983), rev'd on other grounds, 475 U.S. 574 (1986). "All that is required is a foundation from which the fact-finder could legitimately infer that the evidence is what its proponent claims it to be." Id. After this preliminary determination, the final assessment of authenticity is left to the jury. Id.

Thus, to the extent that Starks required "clear and convincing evidence," it is no

longer good law with respect to the preliminary finding to be made by the trial court.1  Moreover, to the extent that Starks suggests a particular formulation must be followed to establish authenticity of tape recordings, it is not valid.

To be sure, in some cases the factors listed in Starks may remain relevant to the preliminary determination.  This is particularly so in a case in which the participants to the conversation are not available, and the government must establish the identity of the persons on the recording and the absence of any malfunction or alteration.  See Rule 901(b)(9) (evidence may be authenticated by proof "describing a process or system used to produce a result and showing that the process or system produces an accurate result").

However, in this case, one of the participants to the conversations is available to testify as a witness, and will attest that the recordings are accurate reproductions of the conversations in which he participated.  That testimony alone is sufficient to meet the "slight" test for authentication.  See Rule 901(b)(1) (authentication may rest on "[t]estimony that a matter is what it is claimed to be"); United States v. Tropeano, 252 F.3d 653, 661 (2d Cir. 2001) (testimony of a participant is alone sufficient to authenticate a tape recording); United States v. Jones, 730 F.2d 593, 597 (10th Cir. 1984) (same); United States v. Albert, 595 F.2d 283, 290 (5th Cir.) (same), cert. denied, 444 U.S. 963 (1979).

---

1  The burden presently imposed by Rule 901 is the same as that applicable to factual determinations made by a judge prior to permitting the admission of evidence, under Rule 104.  Thus, the Starks rule actually imposed a higher burden for admission of tape recordings than currently applies for admission of any other type of evidence.  Indeed, in a civil forfeiture proceeding, the Starks requirement would impose a higher burden for admissibility of tape recordings than the government faces in proving its entire claim.

In any event, as set forth in the accompanying motion, all of the factors outlined in <u>Starks</u> are met in this case and the government's recordings of relevant conversations are admissible at trial.

Respectfully yours,

ZANE DAVID MEMEGER
United States Attorney


_____/s/_____
FAITHE M. TAYLOR
ASHLEY K. LUNKENHEIMER
Assistant United States Attorneys

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 11-577 |
| VINCENT JOSEPH DEMSKY | : | |

## GOVERNMENT'S MOTION TO ADMIT AUDIO/VIDEO RECORDING

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Faithe Moore Taylor and Ashley K. Lunkenheimer, Assistant United States Attorneys, hereby moves for the admission of a recording at the trial of the above-captioned matter and in support thereof avers:

1. On September 28, 2011, the United States Attorney charged the defendant by Information with one count of illegally attempting to possess oxycodone, in violation of Title 21, United States Code, Section 846, arising from his illegal attempt to purchase prescription medication at the Boeing Company's Ridley Park, PA facility.

2. At trial, the Government will offer into evidence the tape recording of the defendant's illegal attempt to purchase oxycodone on September 22, 2011 from an individual cooperating with the Government. At the time this recording is played aloud, the Government will move to distribute a transcript of the conversation to the jury.

3. The Government has made this recording available to counsel, and intends to make a transcript of this recording available to defense counsel in a timely manner. Defense counsel will be asked to inform the Government of any disagreements with the Government's transcription of the recorded conversation and the Government's identification of the speakers in

the conversation.

    4.    As to the recording of the conversation, the Government avers:

    (a)    The recording device used was capable of accurately recording the conversation;

    (b)    The operator of the recording device was competent;

    (c)    The recording is authentic and correct;

    (d)    There have been no changes in, additions to, or deletions from the recording;

    (e)    The recording has been properly preserved;

    (f)    The speakers on the recording are properly identified;

    (g)    The consenting party to the recording freely and voluntarily consented to the recording of the conversation; and

    (h)    The transcript of the recording accurately represents the conversation on the recording and accurately identifies the speakers and parties to the recorded conversation.

WHEREFORE, the Government respectfully requests this Court to issue the order as attached to this motion.

Respectfully yours,

ZANE DAVID MEMEGER
United States Attorney


_____/s/_____
FAITHE M. TAYLOR
ASHLEY K. LUNKENHEIMER
Assistant United States Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Motion to Admit Audio/Video Recording and Memorandum of Law in support of that motion has been served by electronic filing upon:

James A. Lammendola, Esquire
Attorney for Vincent Joseph Demsky

_____/s/_____
FAITHE MOORE TAYLOR
ASHLEY K. LUNKENHEIMER
Assistant United States Attorneys

Dated: February 3, 2012