# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**      **:**

        **v.**         **:**        **CRIMINAL NO. 11-577**

**VINCENT JOSEPH DEMSKY**      **:**

## PARTIES' JOINT PROPOSED JURY INSTRUCTIONS

The United States of America, by its attorneys, Zane David Memeger, United

States Attorney for the Eastern District of Pennsylvania, and Ashley K. Lunkenheimer, Assistant

United States Attorney for the district, and the defendant, Vincent Joseph Demsky, through his

attorney, James A. Lammendola, Esquire, respectfully jointly submit the following proposed jury

instructions[1] pursuant to Federal Rule of Criminal Procedure 30 and request leave to file any

supplemental instructions as may appear necessary and proper.

         Respectfully submitted,

         ZANE DAVID MEMEGER
         United States Attorney


_____/s/_____      _____/s/_____

JAMES A. LAMMENDOLA, ESQ.      ASHLEY K. LUNKENHEIMER
Attorney for Vincent Joseph DEmsky      Assistant United States Attorney



Date: March 12, 2012

---

[1]      Additions to model instructions are indicated by <u>underlining</u>, deletions are indicated by ~~strikeout~~.

# TABLE OF CONTENTS

**Instructions**                                                        **Page Number**

REQUEST NO. 1
    Role of Jury. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

REQUEST NO. 2
    Sympathy And Bias. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REQUEST NO. 3
    Jury Recollection Controls. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

REQUEST NO. 4
    Penalty Not To Be Considered. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

REQUEST NO. 5
    Evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

REQUEST NO. 6
    Direct and Circumstantial Evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

REQUEST NO. 7
    Not All Evidence, Not All Witnesses Needed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

REQUEST NO. 8
    Stipulated Testimony; Stipulation of Fact; Judicial Notice (F.R.E. 201). . . . . . . . . . . . 11

REQUEST NO. 9
    Audio/Video Recordings - Consensual. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

REQUEST NO. 10
    Specific Investigation Techniques Not Required. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

REQUEST NO. 11
    Defendant's Testimony. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

REQUEST NO. 12
    Motive Explained. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

REQUEST NO. 13
    Information – Persons Not Charged. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

REQUEST NO. 14
    "On or About". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

REQUEST NO. 15

    Count One – Attempted Possession of a Controlled Substance – Nature of Offense

    Charged. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

REQUEST NO. 16

    Count One – Attempted Possession of a Controlled Substance – "Controlled Substance" –

    Defined. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

REQUEST NO. 17

    Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to

    Deliberate; Communication with Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

REQUEST NO. 18

    Verdict Form. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

**REQUEST NO. 1**

<u>**Role of Jury**</u>

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers.  Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts.  You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts.  My role now is to explain to you the legal principles that must guide you in your decisions.  You must apply my instructions carefully.  Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be.  You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially. Do not allow fear or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession, economic circumstances, or position in life or in the community.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.01 (2010) (unmodified).

**<u>Sympathy And Bias</u>**

Under your oath as jurors, you are not to be swayed by sympathy or bias. You are to be guided solely by the evidence in the case, and the crucial hard-core question you must ask yourselves as you sift through the evidence is, where do you find the truth? This is a quest for truth as to the facts, that is what a trial is. It's not a battle of wits. It's not a contest of salesmanship, and it's not a contest of personalities. The only triumph in any case is whether or not the truth has triumphed. If it has, then justice has been done. If not, justice will not have been done.

The conduct charged in the information is illegal under federal law. The issue and only issue for you to decide is whether or not any defendant has violated the law. You are to determine the guilt or innocence of any defendant solely on the basis of the evidence and the law as I have now charged you. If you find that the law has not been violated, you should not hesitate for any reason to return a verdict of not guilty. If, on the other hand, you find beyond a reasonable doubt that the law has been violated as charged, you should not hesitate to render a verdict of guilty because of sympathy or bias, prejudice, fear, public opinion, or your own views as to the propriety or social desirability of this conduct. In sum, you must not decide this matter based on anything other than the evidence in this case and the law as I have instructed you as you said under oath you could at the time of your selection as jurors.

———————————————

United States v. Martorano, Criminal No. 82-00013 (E.D. Pa.), <u>affd.</u> 709 F.2d 863 (3d Cir. 1983).

**<u>Jury Recollection Controls</u>**

        If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

        You are the sole judges of the evidence received in this case.

_____

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12.07 (6th ed. 2010) (unmodified); <u>United States v. Thames</u>, 846 F.2d 200, 204 (3d Cir.), <u>cert</u>. <u>denied</u>, 488 U.S. 928 (1988).

## REQUEST NO. 4

**Penalty Not To Be Considered**

The punishment provided by law for the offense charged in the information is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense charged.

_____

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 20.01 (6th ed. 2010) (the instruction set out is paragraph 6 of a longer instruction intended to be given as the jury retires); <u>United States v. Austin</u>, 533 F.2d 879, 884-85 (3d Cir. 1976), <u>cert</u>. <u>denied</u>, 429 U.S. 1043 (1977).

# REQUEST NO. 5

**<u>Evidence</u>**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

*((4) Any facts that have been judicially noticed--that is, facts which I say you may accept as true even without other evidence.)*

The following are not evidence:

(1) The information;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not

binding on you. It is your own recollection and interpretation of the evidence that controls your

decision in this case. Also, do not assume from anything I may have done or said during the trial

that I have any opinion about any of the issues in this case or about what your verdict should be.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.02 (2010) (unmodified).

# REQUEST NO. 6

## **Direct and Circumstantial Evidence**

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial *(or indirect)* evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.03 (2010) (unmodified).

## REQUEST NO. 7

### <u>Not All Evidence, Not All Witnesses Needed</u>

Although the government is required to prove a defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.  In addition, as I have explained, a defendant is not required to present any evidence or produce any witnesses.

*[In this case, defendant [presented evidence] [produced witnesses]. A defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.]*

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.05 (2010) (unmodified).

**<u>Stipulated Testimony; Stipulation of Fact; Judicial Notice (F.R.E. 201)</u>**

The parties have agreed what (*name of witness*)'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court by the witness.

The Government and the defendant have agreed that *(set forth stipulated fact(s)) (is)(are)* true.  You should therefore treat *(this fact)(these facts)* as having been proved.  You are not required to do so, however, since you are the sole judge of the facts.

I have taken judicial notice of certain facts.  *(State the fact(s) that are being judicially noticed.)*  I believe *(this fact is )(these facts are) (of such common knowledge) (can be so accurately and readily determined from (name accurate source))* that it cannot reasonably be disputed.  You may accept this fact as proven, but are not required to do so.  As with any fact the final decision whether or not to accept it is for you to make and you are not required to agree with me.

_____

3rd Circuit Model Criminal Jury Instructions, Nos. 4.01-4.03 (2010) (unmodified).

**Audio/Video Recordings - Consensual**

During the trial you heard an audio and video recording of a conversation with the defendant made without his knowledge. This recording was made with the consent and agreement of ~~(name),~~ one of the other parties to the conversations.

The use of this procedure to gather evidence is lawful and the recording may be used by either party.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.04 (2010) (modified as noted).

## REQUEST NO. 10

**<u>Specific Investigation Techniques Not Required</u>**

During the trial you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques such as *(mention omitted techniques that have been addressed in testimony or argument; e.g., fingerprint analysis, DNA analysis, the use of recording devices)*. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether a defendant is guilty. However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case. There is no requirement to *(mention omitted techniques; e.g., attempt to take fingerprints or offer fingerprint evidence, gather DNA evidence or offer DNA analysis, or use recording devices or offer recordings in evidence.)*

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.14 (2010) (unmodified).

# REQUEST NO. 11

**Defendant's Testimony**

In a criminal case, a defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, defendant Vincent Joseph Demsky testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.28 (2010) (unmodified).

**Motive Explained**

         Motive is not an element of the offense with which the defendant is charged. Proof of bad motive is not required to convict. Further, proof of bad motive alone does not establish that a defendant is guilty and proof of good motive alone does not establish that a defendant is not guilty. Evidence of a defendant's motive may, however, help you find that defendant's intent.

         Intent and motive are different concepts. Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done.

         Personal advancement and financial gain, for example, are motives for much of human conduct. However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

---

3rd Circuit Model Criminal Jury Instructions, No. 5.04 (2010) (unmodified).

**Information – Persons Not Charged**

You are here to determine whether the government has proven the guilt of the defendant for the charge in the information beyond a reasonable doubt. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons. <u>You may not draw any inference, favorable or unfavorable, toward the government or the defendant, from the fact that other persons were not named as defendants in the information, and you should not speculate about the reasons for this.</u>

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of the defendant for the crime charged in the information, you should so find, even though you may believe that one or more other unindicted persons are also guilty. But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find the defendant not guilty.

---

1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, §12.11 (6th ed. 2010) (modified as noted).

**"On or About"**

You will note that the information charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on dates reasonably near the date alleged.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.08 (2010) (unmodified).

**Count One – Attempted Possession of a Controlled Substance – Nature of Offense Charged**

Count One charges that on or about September 22, 2011, in Delaware County, in the Eastern District of Pennsylvania, defendant Vincent Joseph Demsky knowingly and intentionally attempted to possess two Oxycontin 80mg tablets, each of which is a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 844.

Section 844 of Title 21 of the United States Code provides, in part, that:

> "(a) . . . it shall be unlawful for any person knowingly or intentionally –
> (1) to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice . . . ."

Section 846 of Title 21 of the United States Code provides, in part, that anyone who attempts to commit an offense under Section 844 commits a crime.

_____

21 U.S.C. § 841(a); 21 U.S.C. § 846.

**Count One – Attempted Possession of a Controlled Substance – "Controlled Substance" – Defined**

You are instructed that, as a matter of law, oxycodone is a controlled substance, that is, some kind of prohibited drug.

It is solely for you, however, to decide whether the government has proved beyond a reasonable doubt that the defendant <u>attempted to</u> possess oxycodone as charged in the indictment.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841-3 (2010) (modified as noted).

REQUEST NO. 17

**Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to
Deliberate; Communication with Court**

That concludes my instructions explaining the law regarding the testimony and

other evidence, and the offense charged.  Now let me explain some things about your

deliberations in the jury room, and your possible verdicts.

First:  The first thing that you should do in the jury room is choose someone to be

your foreperson. This person will speak for the jury here in court.  He or she will also preside

over your discussions.  However, the views and vote of the foreperson are entitled to no greater

weight than those of any other juror.

Second:  I want to remind you that your verdict, whether it is guilty or not guilty,

must be unanimous. To find a defendant guilty of an offense, every one of you must agree that

the government has overcome the presumption of innocence with evidence that proves each

element of that offense beyond a reasonable doubt. To find a defendant not guilty, every one of

you must agree that the government has failed to convince you beyond a reasonable doubt.

Third:  If you decide that the government has proved a defendant guilty, then it

will be my responsibility to decide what the appropriate punishment should be.  You should

never consider the possible punishment in reaching your verdict.

Fourth:  As I have said before, your verdict must be based only on the evidence

received in this case and the law I have given to you. You should not take anything I may have

said or done during trial as indicating what I think of the evidence or what I think your verdict

should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth:  Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that-- your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.

*[Remember, if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.]*

Sixth:  Once you start deliberating, do not talk about the case to the court officials, or to me, or to anyone else except each other.  If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me.  I will first talk to the lawyers about what you have

asked, and I will respond as soon as I can.  In the meantime, if possible, continue with your deliberations on some other subject.

      *[If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.]*

      One more thing about messages.  Do not ever write down or tell anyone how you or any one else voted.  That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offense.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.16 (2010) (unmodified).

**REQUEST NO. 18**

<u>**Verdict Form**</u>

A verdict form has been prepared that you should use to record your verdict.

Take this form with you to the jury room. When you have reached your unanimous verdict, the foreperson should write the verdict on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me. If you decide that the government has proved the defendant guilty of the offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the defendant guilty of the offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.17 (2010) (unmodified).