IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 11-577 |
| VINCENT JOSEPH DEMSKY | : |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Ashley K. Lunkenheimer, Assistant United States Attorney for the district, respectfully submits the following proposed jury instructions[1] pursuant to Federal Rule of Criminal Procedure 30 and requests leave to file any supplemental instructions as may appear necessary and proper.

As per the Court's Scheduling Order (Dkt. #24), the parties conferred and then submitted to the Court the Joint Proposed Jury Instructions found at Docket Entry #48. However, there were several instructions as to which the parties could not agree. Accordingly, as per the Court's Order, the government is hereby individually submitting certain proposed jury instructions that conflict with the following proposed instructions by the defendant: Defendant's Request Nos. 1-4; 6-8; 12-16; and 19- 21.[2] The government also respectfully submits that Defendant's Request Nos. 5, 10 and 17 are inapplicable to this case, and intends to oppose Request Nos. 22 and 23, which relate to an affirmative defense of "entrapment." Before an entrapment defense and concomitant instruction can be given, "the defendant must produce evidence of both non-predisposition and inducement [by the Government]." United States v.

---

[1] Additions to model instructions are indicated by underlining, deletions are indicated by ~~strikeout~~.

[2] The defendant's proposed jury instructions can be found at Docket Entry #46.

Fedroff, 874 F.2d 178, 182 (3d Cir.1989); see also id. at 181 (Entrapment is a "'relatively limited defense' that may defeat a prosecution only 'when the Government's deception actually implants the criminal design in the mind of the defendant.'") (quoting United States v. Russell, 411 U.S. 423, 436 (1973)); United States v. Wright, 921 F.2d 42, 45 (3d Cir.1990) ("[M]ere solicitation by the government, without more, is not 'inducement.'") (citation omitted). As the record will clearly show, the defendant cannot demonstrate either a lack of predisposition or improper government inducement to commit the crime with which he is charged.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


/s/
ASHLEY K. LUNKENHEIMER
Assistant United States Attorney

Date: March 12, 2012

## TABLE OF CONTENTS

**Instructions**                                                                 **Page Number**

GOVERNMENT REQUEST NO. 1
    Presumption of Innocence; Burden of Proof; Reasonable Doubt. . . . . . . . . . . . . . . . . . . . 1

GOVERNMENT REQUEST NO. 2
    Credibility of Witnesses.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

GOVERNMENT REQUEST NO. 3
    Credibility of Witnesses – Law Enforcement Officer. . . . . . . . . . . . . . . . . . . . . . . . . . . 5

GOVERNMENT REQUEST NO. 4
    Credibility of Witnesses – Cooperating Witnesses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

GOVERNMENT REQUEST NO. 5
    False in One, False in All (*Falsus in Uno, Falsus in Omnibus*). . . . . . . . . . . . . . . . . . . . 7

GOVERNMENT REQUEST NO. 6
    Impeachment of Witness – Prior Conviction (F.R.E. 609). . . . . . . . . . . . . . . . . . . . . . . . 8

GOVERNMENT REQUEST NO. 7
    Audio/Video Recordings  - Transcripts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

GOVERNMENT REQUEST NO. 8
    Defendant's Choice not to Testify or Present Evidence. . . . . . . . . . . . . . . . . . . . . . . . . 10

GOVERNMENT REQUEST NO. 9
    Summary of the Information. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

GOVERNMENT REQUEST NO. 10
    Count One – Attempted Possession of a Controlled Substance – "Possession" –
    Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

GOVERNMENT REQUEST NO. 11
    Count One – Attempted Possession of a Controlled Substance – "Knowingly" and
    "Intentionally" Defined. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

GOVERNMENT REQUEST NO. 12
    Count One – Attempted Possession of a Controlled Substance – Attempt Defined. . . . . 14

# GOVERNMENT REQUEST NO. 1

**Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The defendant pleaded not guilty to the offense charged. Every defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with a defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that that defendant is guilty of the offense charged beyond a reasonable doubt. The presumption of innocence requires that you find a defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that a defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that a defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find a defendant guilty of the offense charged, the government must convince you that that defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offense charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to

act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of a charged offense beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of a charged offense, then you must return a verdict of not guilty of that offense.

---

3rd Circuit Model Criminal Jury Instructions, No. 3.06 (2010) (unmodified).

# GOVERNMENT REQUEST NO. 2

**Credibility of Witnesses**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe *[alternative: how believable the witness' testimony was when considered with other evidence that you believe]*; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.04 (2010) (unmodified).

# GOVERNMENT REQUEST NO. 3

**Credibility of Witnesses – Law Enforcement Officer**

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

*[At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.]*

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.18 (2010) (unmodified).

## GOVERNMENT REQUEST NO. 4

**Credibility of Witnesses – Cooperating Witnesses**

You have heard evidence that (name of witness) <u>cooperated in this investigation</u> and has made a plea agreement with the government <u>because he hopes to receive a benefit in his criminal case in exchange for his cooperation and testimony</u>.

His testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has cooperated in an investigation and has made a plea agreement with the government because he hopes to receive a benefit in his criminal case in exchange for his cooperation and testimony, but you should consider the testimony of (name of witness) with great care and caution. In evaluating his testimony, you should consider this factor along with the others I have called to your attention. Whether or not his testimony may have been influenced by his cooperation and plea agreement is for you to determine. You may give his testimony such weight as you think it deserves.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.19 (2010) (¶¶ 1 and 2 only, modified as noted).

# GOVERNMENT REQUEST NO. 5

**False in One, False in All (*Falsus in Uno, Falsus in Omnibus)*

      If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness' testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.26 (2010).

## GOVERNMENT REQUEST NO. 6

**Impeachment of Witness – Prior Conviction (F.R.E. 609)**

You heard evidence that *(name)*, who were witnesses, were previously convicted of a crime punishable by more than one year in jail. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe them and how much weight to give to their testimony.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.25 (2010).

# GOVERNMENT REQUEST NO. 7

**Audio/Video Recordings - Transcripts**

You have heard an audio and video recording that was received in evidence, and you were given a written transcript of the recording.

Keep in mind that the transcript is not evidence. It was given to you only as a guide to help you follow what was being said. The recording itself is the evidence. If you noticed any differences between what you heard on the recording and what you read in the transcript, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recording you must ignore the transcript as far as those parts are concerned.

The transcript names the speakers. But remember, you must decide who you actually heard speaking in the recording. The names on the transcript were used simply for your convenience.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.06 (2010) (unmodified).

**GOVERNMENT REQUEST NO. 8**

**<u>Defendant's Choice not to Testify or Present Evidence</u>**

      Defendant Vincent Joseph Demsky did not testify *(did not present evidence)* in this case. A defendant has an absolute constitutional right not to testify *(or to present any evidence).* The burden of proof remains with the prosecution throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent. You must not attach any significance to the fact that Vincent Joseph Demsky did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.27 (2010) (unmodified).

**GOVERNMENT REQUEST NO. 9**

**Summary of the Information**

   As you know, the defendant Vincent Joseph Demsky is charged in the information with violating federal law, specifically with attempting to possess a controlled substance. As I explained at the beginning of trial, a information is just the formal way of specifying the exact crime the defendant is accused of committing. A information is simply a description of the charges against a defendant. It is an accusation only. A information is not evidence of anything, and you should not give any weight to the fact that a defendant has been indicted in making your decision in this case.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.07 (2010) (modified as noted).

# GOVERNMENT REQUEST NO. 10

**Count One – Attempted Possession of a Controlled Substance – "Possession" – Defined**

To "possess" a controlled substance means to have it within a person's control. The government does not have to prove that a defendant physically held the controlled substance, that is, had actual possession of it. As long as the controlled substance was within his control, he possessed it. If you find that a defendant either had actual possession of the controlled substance or had the power and intention to exercise control over it, even though it was not in his physical possession - that is, that defendant had the ability to take actual possession of the substance when he wanted to do so - you may find that the government has proved possession. Possession may be momentary or fleeting. Proof of ownership of the controlled substance is not required.

The law also recognizes that possession may be sole or joint. If one person alone possesses a controlled substance, that is sole possession. However, more than one person may have the power and intention to exercise control over a controlled substance. This is called joint possession. If you find that a defendant had such power and intention, then he possessed the controlled substance even if he possessed it jointly with another.

Mere proximity to the controlled substance or mere presence on the property where it is located or mere association with the person who does control the controlled substance or the property is not enough to support a finding of possession.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841-1 (2010) (unmodified).

# GOVERNMENT REQUEST NO. 11

**Count One – Attempted Possession of a Controlled Substance – "Knowingly" and "Intentionally" Defined**

To act knowingly, as used in the offense charged, means that a defendant was conscious and aware that he was engaged in the act charged and knew of the surrounding facts and circumstances that make out the offense. Knowingly does not require that a defendant knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally, as used in the offense charged, means to act deliberately and not by accident. Intentionally does not require that a defendant intended to violate the law.

The phrase "knowingly or intentionally," as used in the offense charged, requires the government to prove beyond a reasonable doubt that a defendant knew that what he <u>attempted to</u> possess was a controlled substance. In addition, the government must also prove beyond a reasonable doubt that the controlled substance was in fact oxycodone. However, as long as you find that the government proved beyond a reasonable doubt that a defendant knew that what he <u>attempted to</u> possessed was a controlled substance, you need not find that that defendant knew that the controlled substance was oxycodone.

In deciding whether a defendant acted "knowingly or intentionally," you may consider evidence about what he said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in his mind at that time.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841-4 (2010) (modified as noted).

13

# GOVERNMENT REQUEST NO. 12

**Count One – Attempted Possession of a Controlled Substance – Attempt Defined**

<u>As I said,</u> the defendant is charged with attempting to commit the crime of possessing a controlled substance. An attempt to possess a controlled substance is a federal crime even though the defendant did not actually complete the crime of possessing a controlled substance.

In order to find the defendant guilty of attempt to possess a controlled substance, you must find that the government proved beyond a reasonable doubt each of the following two (2) elements:

First: That he intended to commit the crime of possessing a controlled substance, as I have defined that offense; and

Second: That he performed an act constituting a substantial step toward the commission of possessing a controlled substance which strongly corroborates or confirms that he intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to possess a controlled substance merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that his mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to possess a controlled substance merely because he made some plans to or some preparation for committing that crime. Instead, you must find that he took some firm, clear,

undeniable action to accomplish his intent to possess a controlled substance. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

_____

3rd Circuit Model Criminal Jury Instructions, No. 7.01 (2010) (modified as noted).