IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA   :

   VS.   :   CRIMINAL NO. 11-577

VINCENT JOSEPH DEMSKY   :

## DEFENDANT VINCENT JOSEPH DEMSKY'S
## MEMORANDUM IN AID OF SENTENCING

The Defendant, VINCENT JOSEPH DEMSKY, acting through his Attorney, James A. Lammendola, Esq., herewith submits the following Memorandum in order to aid the Court in sentencing.

## HISTORY OF THE CASE

On September 28, 2011, an information was filed against the Defendant charging the Defendant with one count of attempted possession of two oxycontin 80 mg. tablets in violation of Title 21, U.S. Code Section 844. The information stemmed from an incident which occurred on September 22, 2011, in which the Government initiated a reverse sting operation. On that date, a Government informant approached the Defendant and initiated a conversation with him for the purpose of the Government informant selling two 80 mg. oxycontin tablets to the Defendant. The Defendant and the Government informant worked for Boeing Company. At that time, the Defendant, because of a chronic degenerative disc disease that

1

he had for several years, was under the care of Dr. Herbert Avart for this condition. Dr. Avart had prescribed the Defendant oxycontin to control the Defendant's excessive chronic back pain. The Defendant became hopelessly addicted to this controlled substance, a matter which he has rectified under the care of Dr. Avart by the use of suboxone.

On March 26, 2011, the Defendant appeared before your Honor and pled guilty to the information charging him with one count of attempted possession of a controlled substance.

## I. APPLICABILITY OF THE SENTENCING GUIDELINES TO THE DEFENDANT

The Defendant agrees with the Pre-Sentence Report which, pursuant to U.S.S.G., Chapter 5, Part A., indicates that the Defendant has a criminal history category of I. Further, based upon the Defendant's total offense level of 6, the Guideline range for imprisonment is 0 to 6 months. Additionally, the Defendant is eligible for probation because the minimum of the Guideline range is 0 months as provided by U.S.S.G., Section 5B1.1(a)(1).

## II. APPLICABILITY OF DOWNWARD DEPARTURE PURSUANT TO U.S. SENTENCING GUIDELINES, SECTION 5K2.0 and SECTION 5K2.12

It is submitted that the Defendant has grounds for a downward departure under Section 5K2.0 to the extent that there are mitigating circumstances in that the Defendant was addicted to prescribed oxycontin tablets for chronic degenerative disc disease which he had for a number of years. The Defendant was under the constant care of Dr. Herbert Avart for this condition.

It is further submitted that the Government on September 22, 2011, initiated a reverse sting operation in which a Government informant approached the Defendant and initiated the conversation with the Defendant to sell the latter two 80 mg. oxycontin tablets. The Defendant, at the time, although he had a prescription for the tablets, did not have them at work that day. The Government's conduct was excessive in the creation of the crime and comprised significant Government coercion to induce the commission of the crime, particularly in view of the Defendant's opiate addiction as a result of his medical problems.

Section 5K2.12 provides that where there is coercion or duress, in this case psychological because of the Defendant's opiate addiction, the Court may depart downward from the Guideline range. See United States v. Bala, 236 F.3d 87 (2d. Cir.2000); United States v. McClelland, 72 F.3d 717 (9th Cir. 1995), and United States v. Garza-Juarez, 992 F.2d 896 (9th Cir.1991).

### III. APPLICABILITY OF DOWNWARD DEPARTURE PURSUANT TO U.S. SENTENCING GUIDELINES, SECTION 5H1.4

The Defendant has had chronic back pain problems as substantiated by various MRI studies which include but are not limited to L4-L5, and L5-S1 degenerative changes. Trying to relieve the chronic pain from which he suffered and continues to suffer caused the Defendant to become addicted to opiates. Copies of medical reports are attached and marked Exhibit A. Additionally, the Defendant is a patient currently under the care of Dr. Norman Leopold of Han Neurological Associates for blepharospasm, which is a condition that results in forced closure of the eyelids. As a result of this involuntary condition, the Defendant's vision can be impaired for short periods of time. See medical reports attached hereto and marked Exhibit B.

U.S.S.G., Section 5H1.4, states that "physical condition. . . . may be relevant in determining whether a departure is warranted." In the Defendant's case, the chronic back pain and the concomitant drug abuse to relieve that pain, along with the Defendant's neurological eyelid problem, constitute extraordinary circumstances which would warrant such a departure.

### CONCLUSION

The Defendant, Vincent Joseph Demsky, submits this Memorandum in Aid of Sentencing for the Court to consider

along with the Presentence Investigation Report and the Government's Memorandum. Accordingly, he prays that the Court take into account his past personal history as being a productive, responsible citizen who has worked all his life and supported his family. The Defendant prays that this Honorable Court sentence him to a period of probation.

                              Respectfully submitted,

                              _____

                              JAMES A. LAMMENDOLA, ESQ.
                              ATTORNEY FOR DEFENDANT
                              VINCENT JOSEPH DEMSKY

                              __JAM3125_____
                              VALIDATION OF SIGNATURE
                              CODE

_____


**CERTIFICATE OF SERVICE**


    I, JAMES A. LAMMENDOLA, ESQ., Counsel for the Defendant, hereby certify that I have served a copy of the attached Memorandum in Aid of Sentencing upon Assistant United States Attorney, Ashley Lunkenheimer, Esq., by delivering a copy to her office, 615 Chestnut Street-Suite 1250, Phila., PA 19106.


                                        _____

                                        **JAMES A. LAMMENDOLA, ESQ.**
                                        **ATTORNEY FOR DEFENDANT**
                                        **VINCENT JOSEPH DEMSKY**


**DATE: October 29, 2012**